RETURN DATE:   May 11, 2016,   3 p.m.

UNITRED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____x

In re:                                                                              Chapter 11

    509 EAST 55TH STREET CORP,

           Debtor.                                          Case No: 1-16-40149-cec

_____x

## NOTICE OF MOTION

Please take notice, that upon the annexed application of Dr. Kourash Ashourzadeh, as President of Ashour Future, Inc. a hearing will be held before the Hon Carla E. Craig, Bankruptcy Judge, to consider the motion for an Order granting relief as follows:

A)  Dismissal of the Debtor's Chapter 11 Case as a Bad Faith filing pursuant to Section 1112(b) of the Bankruptcy Code, or in the alternative,

B)  Relief from the automatic stay pursuant to Section 362(d) (1) of the Bankruptcy Code.

                      Date and time of hearing:  May 11, 2016
                                                     3 p.m.

                      Location:  U.S. Bankruptcy Court
                              Courtroom  3529
                              271 – C  Cadman Plaza East
                              Brooklyn, New York, 11201-1800

Dated:  March 28, 2016

                                            Richard N. Golden, Attorney for Ashour Future, Inc

UNITRED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

_____x

In re:                                                                                            Chapter 11

    509 EAST 55TH STREET CORP,

                                 Debtor.                          Case No: 1-16-40149-cec

_____x

APPLICATION IN SUPPORT OF MOTION

To the Hon. Carla E. Craig, Bankruptcy Judge:

    I Dr. Kourash Ashourzadeh, as President of Ashour Future, Inc, a creditor of 509 East 55th Street Corp make this application in support of my motion for the following relief:

A) Dismissal of the Debtor's chapter 11 Case as a Bad Faith Filing pursuant to Section 1112(b) of the Bankruptcy Code and in the alternative, B) relief from the automatic stay pursuant to Section 362 (d)(1) of the Bankruptcy Code.

In support of this motion, I hereby allege as follows:

1. On or about September 20, 2013 the parties entered into a forbearance agreement consenting to the entry of a Judgment of Foreclosure and Sale based upon a Certification of an Amount due in the sum of $510,917.83 . Annexed hereto and marked Exhibit "A is a copy of the Forbearance Agreement.

2. The aforementioned foreclosure action sought a foreclosure of 509 East 56th Street (Block 04777 Lot 74) and 1597 Nostrand Avenue, Brooklyn, New York (Block 4901 Lot 46)

3. As of September 20, 2013, a title search reveals that 509 East 55th Street Corp owned the property known as 509 East 56th Street, Brooklyn, New York since April 11, 2008.

4. A title search reveals that, as of September 20, 2013 509 East 55th Street Corp, pursuant to a Deed dated April 11, 2008, also owned 1597 Nostrand Avenue, Brooklyn, New York.

5. The parties agreed that plaintiff would forbear from taking any action to recover possession or title to the premises known as 509 East 56th Street, Brooklyn, New York and/or 1597 Nostrand Avenue, Brooklyn, New York until October 31, 2015.

6. On or about December 11, 2013 a Judgment of Foreclosure and Sale of 509 East 56th Street, Brooklyn, New York and 1597 Nostrand Avenue, Brooklyn, New York was granted in the Foreclosure action against 509 East 55th Street Corp, Winston Levy, et al (Kings Supreme, Index # 8046/09). Annexed hereto and marked Exhibit "B" is a copy of the Judgment of Forclosure.

7. On February 25, 2015 Winston Levy filed a Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. (Case #: 1-15-40778- cec)

8. At the time of filing his Petition, Winston Levy indicated he had no assets other than 1597 Nostrand Avenue, Brooklyn, New York, 2137 Cortelia Road, Brooklyn, New York and 507 East 56th Street, Brooklyn, New York.

9. The aforementioned allegation was not correct.

10. A title search reveals that there is no "Cortelia Road" in Brooklyn. However there is a "2137 Cortelyou Road" which was owned by Mr. Levy.

11. 2137 Cortelyou Road, Brooklyn, New York was transferred in a foreclosure action to BNH Five Pack, LLC by deed dated July 27, 2015.

12. A title search suggests that the property known as 507 East 56th Street, Brooklyn, New York was transferred by Mr. Levy to his corporation, 509 East 55th Street, Corp on April 11, 2008.

13. In 1979 Mr. Levy acquired a deed to 507 and 509 East 56th Street, Brooklyn, New York pursuant to a single deed which was recorded in Block 4777 Lot 75(507 East 56th Street, Brooklyn, New York) and block 4777 Lot 74 (509 East 56th Street, Brooklyn, New York).

14. However, on or about April 11, 2008 a deed transferring the same property described in the deed dated April 11, 2008 was recorded only on block 4777 Lot 74 (509 East 56th Street, Brooklyn, New York).

15. Based upon the title searches it appears that when Winston Levy filed his Petition, for debt relief on February 25, 2015, he owned 2137 Cortelyou Road, Brooklyn, New York (Block 4901 Lot 46) and his corporation, 509 East 56th Street Corp, owned the parcels known as 507 East 56th Street, Brooklyn, New York (Block 4777 Lot 75), 509 East 56th Street, Brooklyn, New York( block 4777 Lot 74 ) and 1597 Nostrand Avenue, Brooklyn, New York. Cortelyou Road, Brooklyn, New York and 1597 Nostrand Avenue, Brooklyn, New York.

16. The Petition of Winston Levy indicated that he owned the shares of 509 East 55th Street, Corp yet fraudulently stated the value of the corporation was $0. ( See Schedule B of the Winston Levy Petition)

17. The Chapter 11 Petition of Mr. Levy indicated that he had no income.

18. The filing of the Chapter 11 Petition automatically stayed a Sheriff's Sale of the property known as 509 East 56th Street, Brooklyn, New York and 1597 Nostrand Avenue, Brooklyn, New York.

19. Winston Levy failed to file a Financial Plan

20. The Petition of Winston Levy, for debt relief was dismissed on July 17, 2015.

21. On May 29, 2015, 509 East 55th Street Corp filed a Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code.

22. The Petition of 509 East 55th Street Corp reflected that Winston Levy was the sole owner and shareholder of 509 East 55th Street Corp.

23. The Petition of 509 East 55th Street Corp indicated there were no assets of the corporation other than 509 East 55th Street, Brooklyn, New York.

24. The Petition of 509 East 55th Street Corp failed to disclose its ownership of 1597 Nostrand Avenue, Brooklyn, New York or 507 East 56th Street, Brooklyn, New York.

25. The aforementioned Petition indicated 509 East 55th Street Corp had no income.

26. The debtor, 509 East 55th Street Corp, failed to file a Financial Plan.

27. The Petition of 509 East 55th Street Corp was dismissed on August 21, 2015.

28. At the time of dismissal there was no likelihood of rehabilitation for 509 East 55th Street Corp.

29. In the Petition filed on May 29, 2015, the debtor indicated that the value of the property known as 509 East 56th Street, Brooklyn, New York, had a value of $500,000.

30. After the dismissal of the Winston Levy Petition and the 509 East 55th Street Corp Petition Ashour Future, Inc proceeded to schedule another sale of the properties known as 1597 Nostrand Avenue, Brooklyn, New York, and 509 East 56th Street, Brooklyn, New York

31. On January 13, 2016, less than five (5) months after the first Chapter 11 Petition filed by 509 East 55th Street Corp was dismissed, 509 East 55th Street Corp filed another Chapter 11 Petition.

32. The second filing of a Chapter 11 Petition by 509 East 55th Street Corp provided another automatic stay preventing the second attempt to sell the property at 509 East 56th Street, Brooklyn, New York.

33. Due to the fact the original Foreclosure Judgment was against both 509 East 56th Street, Brooklyn, New York and 1597 Nostrand Avenue, Brooklyn, New York, the creditor, Ashour Future, Inc was stayed from proceeding with a sale of either property.

34. The second Chapter 11 Petition of 509 East 55th Street Corp did not indicate a change of circumstances.

35. The second filing for 509 East 55th Street Corp indicated no other assets of the Debtor Corporation, and similar to the first filing, showed no income.

36. The second filing also fails to disclose title to 1597 Nostrand Avenue, Brooklyn, New York or 507 East 56th Street, Brooklyn, New York.

37. The only difference between the two Petitions is that the value of the property known as 509 East 56th Street, Brooklyn, New York increased from $500,000 to $600,000.

38. 509 East 55th Street Corp has offered no proof of value of the premises.

39. Based upon 9% compounded interest annually, from September 20, 2013, the total amount due to Ashour Future, Inc., as of March 20, 2016 will be $634,336.71.

40. Assuming arguendo that the property known as 509 East 56th Street, Brooklyn, New York increased in value by 20% since May 29, 2015 the value of the property is still less than the amount due to Ashour future, Inc.

41. Similar to the first filing, 509 East 55th Street Corp offered no Financial PlanThe Chapter 11

42. The filing of the second Petition by 509 East 55th Street Corp demonstrates bad faith on the part of the debtor for the following reasons:

    a. The second filing shows no change in circumstances after the first Petition was dismissed.

    b. The debtor has only one asset

    c. The debtor has no cash

d. The debtor has no income

e. The debtor has no cash flow

f. The debtor has failed to demonstrate that it can meet current expenses to maintain the property and pay real estate taxes for the property.

g. The timing of the filings of both petitions were designed to delay or frustrate the legitimate efforts of the creditor, Ashour Future, Inc from enforcing its right to enforce a judgment from September 20, 2013.

h. The value of the property known as 509 East 56th Street, Brooklyn, New York is less than the amount of the claim of Ashour Future, Inc.

i. The debtor's financial condition is, in essence, a two party dispute between the debtor and Ashour Future, Inc.

43. The second Chapter 11 Petition filed by the debtor is without merit and is merely an attempt to further delay the enforcement of the judgment referred to hereinabove.

44. The continuing delay to enforce the judgment of Ashour Future, Inc prejudices the rights of Ashour Future, Inc and each month, the prospects of recovery of the full claim are less.

WHEREFORE, it is respectfully requested that an Order be granted pursuant to Sections This affidavit is respectfully submitted in support of the motion to dismiss the Debtor's chapter 11 Case as a Bad Faith Filing pursuant to Section 1112(b) of the Bankruptcy Code and in the alternative relief from the automatic stay pursuant to Section 362 (d)(1) of the Bankruptcy Code. And for such other and further relief as this Court deems just and proper.

_____
Dr. Kourosh Ashourzadeh

VERIFICATION

I declare under penalty of perjury that the foregoing affidavit is true and correct.

_____
Dr. Kourash Ashourzadeh

Sworn to before me this 25th

Day of March, 2016

RICHARD N. GOLDEN
Notary Public State of New York
No. 02604626679
Qualified in Nassau County
Commission Expires Sept. 30, 2018